IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DWIGHT EDMOND WARREN, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-1393-N |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of habeas corpus filed, pursuant to 28 U.S.C. § 2254.

Parties: Petitioner presently resides in Dallas, Texas. The petition names as Respondent the Director of Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID).

The Court did not issue process in this case, pending preliminary screening. On August 17, 2007, the Magistrate Judge issued a questionnaire to Petitioner, who filed his answers thereto on August 21, 2007.

Statement of the Case: Petitioner seeks to challenge his 2001 guilty plea conviction for

the offense of aggravated sexual assault in the 204th District Court of Dallas County, Texas, in Cause No. F99-72568-Q. (Pet. at 2). On August 6, 2001, punishment was assessed at two years confinement. (*Id.*). Petitioner filed a state habeas application pursuant to art. 11.07, Texas Code of Criminal Procedure. The Texas Court of Criminal Appeals dismissed the application because he had discharged his sentence. *Ex parte Warren*, WR-59-,758-01, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=228067 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals Aug. 17, 2007).

In this action, filed on August 13, 2007, Petitioner challenges his underlying criminal conviction, as well as the requirement that he register as a sex offender for life. With respect to his conviction, he alleges the evidence was insufficient, he received ineffective assistance of counsel, the prosecutor failed to disclose favorable evidence, the grand or petit jury was unconstitutionally selected and empaneled, the state failed to present expert testimony, and he was maliciously prosecuted. Petitioner also alleges due process and equal protection claims in connection with the sex offender registration requirement.

Findings and Conclusions: The present petition is subject to summary dismissal pursuant to Rule 4, of the Rules Governing Section 2254 Proceedings. That Rule provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A federal court may consider a writ of habeas corpus only "on behalf of a person in custody . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Presently Petitioner is not incarcerated on the basis of his two-year sentence for aggravated sexual assault imposed in August 2001. In answer to the magistrate judge's questionnaire, he confirms that he has completely served his sentence. (*See* Answer to Question 1). Accordingly, Petitioner cannot satisfy the "in custody" requirement and his petition should be dismissed for want of jurisdiction. *See Maleng v. Cook,* 490 U.S. 488, 492, 109 S. Ct. 1923 (1989).[1]

---

[1] Since Petitioner submitted this case on the federal habeas form, the Court need not address whether he can raise a constitutional challenge to the sex offender registration requirement under the federal civil rights statute. *See* 42 U.S.C. § 1983, et seq. The United States Supreme Court, however, has upheld sex offender registration statutes. *See Smith v. Doe*, 538 U.S. 84, 123 S. Ct. 1140 (2003) (Alaska Sex Offender Registration Act did not violation *Ex Post Facto* Clause); *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1, 123 S. Ct. 1160 (2003) (notification provisions of sex offender registration law do not violate procedural due process); *see also Moore v. Avoyelles Correctional Center*, 253 F.3d 870, 872 (5th Cir. 2001) (Louisiana sex offender notification law does not violate the Constitution's proscription of *ex post facto* laws.); *Rollins v. Collier*, 3:05cv1207-D (N.D. Tex., Dallas Div., Oct. 18, 2005), findings conclusions and recommendation accepted by District Court (Dec. 5, 2005) (holding that Texas Sex Offender Registration Program did not violate *Ex Post Facto* Clause*)*; *Creekmore v. Attorney General of Texas*, 341 F.Supp.2d 648 (E.D. Tex. 2004) (same); *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002) (holding that Texas state sex offender registration statute poses no *ex post facto* violation because there is no evidence of punitive intent in the legislative history).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the habeas corpus petition be DISMISSED for want of jurisdiction because Petitioner cannot satisfy the "in custody" requirement.

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 10th day of December, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.